The Honorable John H. Dawson State Representative P.O. Box 336 Camden, Arkansas 71701
Dear Representative Dawson:
This is in response to your request for an opinion concerning the retirement of a city fire chief.
Specifically, you note that a particular firefighter was employed on July 1, 1963 and retired with continuous service on August 16, 1985. At that time he was certified and paid a pension by the fire pension fund. You then note that on March 21, 1986, the former firefighter was appointed fire chief of the same city which he formerly served as firefighter. The individual in question received a pension from August 16, 1985 to March 21, 1986, but when he was appointed fire chief, his pension benefits were suspended and during his tenure as fire chief he was again made a member of the pension fund and contributed to the pension plan as any other firefighter. The individual served as fire chief from March 21, 1986 until May 21, 1990 at which time he again ceased employment with the department.
You note that the board of trustees of the city's firemen's pension and relief fund initially approved the fire chief's retirement and calculated his benefit by including the additional years of service and his rate of compensation as fire chief. The board then, after a consultation with the Executive Director of the Arkansas Fire and Police Pension Review Board, concluded that this decision was in error, and met again and recalculated the fire chief's pension at the same rate that had been granted originally in 1985.
You have four questions relating to these facts, and they will be restated and answered below in the order posed.
Your first question is as follows:
 Can the additional years of service be included in the calculation along with the higher salary to determine the retired Fire Chief's benefit?
It is my opinion that the answer to this question is "no". It should be noted, however, that there is no express provision of law requiring this conclusion. The provision of A.C.A. 24-11-101 et seq., 24-11-201 et seq., and 24-11-801 et seq., do not contemplate the reemployment of a retired firefighter in his same department. The law simply does not speak specifically to this situation.
It is my opinion, however, that several factors contribute to the conclusion that the additional years of service and enhanced salary may not be used to calculate an increased retirement benefit. Firstly, when the firefighter in question retired in 1985, "he severed his connection with the fire department. [Citation omitted.] He retained no right to the position of fireman and no basis remained upon which he could demand reappointment as a fireman as a matter of right or justice. On his appointment, after his resignation, he entered the fire department on the basis as a fireman who had not theretofore had any connection with the department." People v. Mueller, 328 Ill. App. 593, 66 N.E.2d 516 (1946) at 523. Based upon this premise, and in the absence of any statutory guidance on the issue, it is my opinion that when the firefighter reentered service after already retiring, he became a new member of the fire department, and is not entitled, absent statutory authorization, to aggregate his previous years of service with years accumulated after retirement.
Additionally, it is my opinion that if the additional years of service and higher compensation were used to increase the benefit, problems occur in light of the requirement that, in order to be eligible to receive retirement benefits, a firefighter shall have served for a period of twenty years or more, the last five of which shall have been consecutive. See A.C.A. 24-11-818(a)(2). Here, the last five years of the fire chief's service have not been consecutive. He served for four years and two months as fire chief. It is my opinion that although this fact does not preclude him from receiving a pension, since his pension, at the rate calculated in 1985, has become a vested right (see Opinion No. 87-161), it most likely does preclude him from receiving an increased retirement benefit based upon his last nonconsecutive four years and two months of service. Given the reasoning of the Mueller court, even if the fire chief had served more than five years in that capacity, he still would not be eligible to receive an increased benefit because when he reentered service in 1986, he became a "new" firefighter and would have to accrue twenty additional years to be entitled to a new pension benefit amount.
Moreover, it is my opinion that the conclusion reached above is consistent with a prior opinion of this office. It was concluded in Opinion No. 87-161, a copy of which is enclosed, that when a retired fireman returns to active or part-time service, his pension benefit is suspended during his service, and "[t]he pension benefit" is reinstated after the employee leaves active service and returns to retirement. It is my opinion that this opinion may be construed as requiring the restoration of the former benefit amount.
Your second question is as follows:
 If the above can be included, does the retired Fire Chief have to reimburse the fund for the pension paid in 1985 and 1986?
As it was concluded that the answer to your first question is "no", a response to your second question becomes unnecessary.
Your third question is as follows:
 As an alternative, could the retired Fire Chief reimburse the fund for prior benefits and thereby become eligible for the higher retirement?
It is my opinion that the answer to this question is, similarly, "no". It is my opinion that a firefighter cannot obliterate the fact of his retirement in this fashion. Additionally, this course of conduct would leave the fire chief with more than twenty years of service, but his last five would not be consecutive and, therefore, he would not be eligible for retirement.
Your fourth question is as follows:
 If the retired Fire Chief is not eligible for additional benefits, is there any reason the fund should not reimburse him for his contributions from March 21, 1986 to May 21, 1990? If reimbursement is proper and necessary as a result of an opinion negative to the retired Fire Chief, should the fund pay interest to him for the period?
It is my opinion that the answer to the first part of your question is "yes"; the fire chief should receive a refund of his contributions. This conclusion is based upon A.C.A. 24-11-816 (d)(2) (Supp. 1989), which although not precisely applicable to the reemployment of a retired firefighter, is in my opinion, in any event, controlling. It provides:
 In the event of the resignation or discharge from the fire department of any member, all moneys deducted from the salary of the person, or voluntarily paid by the person, shall immediately be returned to him without interest; however, there shall be deducted from the refund the amount which has been expended by the board of trustees, as authorized under 24-11-803 (c), for the purchase of group insurance and payment of premium thereon for the benefit of the firefighter.
It is my opinion that the fire chief is entitled to a refund as required by the provision above, that is, without interest, and after deductions for the purchase of group insurance. This conclusion is consonant with the reasoning that the firefighter severed all connection with the fire department at his initial retirement. He is now entitled to a refund of the contributions made in his new years of service.
We are cognizant of the fact that these results may seem overly technical, but are forced to follow the requirements of the existing statutory scheme, as nearly as they can be applied.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elana L. Cunningham.
[1] Under the newer "Arkansas Local Police and Fire Retirement System", this scenario is contemplated, and prohibited except as otherwise provided for in that chapter. See A.C.A. 24-10-504(b).